# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| NIOSHA MOKEI TONIC | : | CIVIL ACTION |
| --- | --- | --- |
| v. | : | |
| TASTEPOINT NORTH | : | NO. 18-3482 |

## MEMORANDUM OPINION

**Savage, J.**                                                                                                          August 20, 2018

Plaintiff Niosha Mokei Tonic, *pro se*, filed this civil action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, against her former employer, Tastepoint North. She has also filed a Motion for Leave to Proceed *In Forma Pauperis* and a Motion for Appointment of Counsel. For the following reasons, the Court will grant Tonic leave to proceed *in forma pauperis*, dismiss her Complaint with leave to amend, and deny her Motion for Appointment of Counsel.

## FACTS

Tonic's Complaint, consisting of 235 pages of which 225 appear to be copies of emails and documents created during her employment with Tastepoint North, alleges that Tastepoint North discriminated against her when it terminated her employment, failed to stop harassment, and retaliated against her. Compl. at 3-4.[1] According to Tonic, she "was [harassed] at work and reported it to corporate management at Decatur Road." *Id.* at 4. Apparently, management was "upset and retaliated against [her] until [she] was wrongfully terminated on 1/29/18." *Id.* As relief, Tonic asks that Tastepoint North be required to pay the penalty she incurred for not having insurance for four (4) months, as well as the amount she "lost to 401k, [lost] wages, stress." *Id.* at 6. She

---

[1] The Court uses the pagination assigned to the Complaint by the CM/ECF docketing system.

also requests "appropriate injunctive relief, lost wages, liquidated/double damages, front pay, compensatory damages, punitive damages, prejudgment interest, post-judgment interest, and costs." *Id.*

## STANDARD OF REVIEW

Because it appears that she is incapable of paying the requisite filing fees, Tonic will be granted leave to proceed *in forma pauperis*. Accordingly, because 28 U.S.C. § 1915(e)(2)(B)(ii) applies, we must dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* "[T]he plausibility paradigm announced in *Twombly* applies with equal force to analyzing the adequacy of claims of employment discrimination." *Fowler v. UMPC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009) (quotations omitted). Because Tonic is proceeding *pro se*, we construe her allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." A district court may *sua sponte* dismiss a complaint that does not comply with Rule 8 if "the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir.

1995) (quotations omitted). Rule 8 requires that the Complaint contain enough information to allow a defendant to prepare a defense and to ensure that the Court "is sufficiently informed to determine the issue." *Fabian v. St. Mary's Med. Ctr.*, No. Civ. A. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) (quotations omitted).

## DISCUSSION

Federal law prohibits employment discrimination based on race, color, religion, sex, national origin, age, and disability. *See E.E.O.C. v. Allstate Ins. Co.*, 778 F.3d 444, 448-49 (3d Cir. 2015) (citing 42 U.S.C. § 2000e-2(a), 29 U.S.C. § 623; 42 U.S.C. § 12112). To establish a *prima facie* case of employment discrimination, a plaintiff must show that: (1) she is a member of a protected class; (2) she was qualified for the position in question; (3) she suffered an adverse employment action, and; (4) the adverse action occurred under circumstances giving rise to an inference of discrimination. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973); *see also Sarullo v. U.S. Postal Serv.*, 352 F.3d 789, 797 (3d Cir. 2003). A plaintiff claiming a hostile work environment based on regular and pervasive harassment must likewise establish that any harassment was due to her membership in a protected class or protected activity. *Culler v. Sec'y of U.S. Veterans Affairs*, 507 F. App'x 246, 249 (3d Cir. 2012) (per curiam) (citing *Andreoli v. Gates*, 482 F.3d 641, 644 (3d Cir. 2007)).

Federal law also prohibits an employer from retaliating against an employee for opposing any act made unlawful by the employment discrimination statutes, or because she made a charge, testified, assisted, or participated in an investigation, proceeding, or hearing under the employment discrimination statutes. *E.E.O.C.*, 778 F.3d at 449. "A prima facie case of illegal retaliation requires a showing of (1) protected employee

activity; (2) adverse action by the employer either after or contemporaneous with the employee's protected activity; and (3) a causal connection between the employee's protected activity and the employer's adverse action." *Id.* (quotations omitted). Although a plaintiff need not establish a *prima facie* case to survive dismissal for failure to state a claim, she still must "put forth allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Fowler*, 578 F.3d at 213 (quotations omitted).

Here, Tonic alleges that she was discriminated against and harassed at work. She does not allege that any such discrimination or harassment was due to her membership in a protected class. Her retaliation claim fails for vagueness. *See, e.g.*, *Khalik v. United Air Lines*, 671 F.3d 1188, 1193 (10th Cir. 2012) ("Plaintiff's general assertions of discrimination and retaliation, without any details whatsoever of events leading up to her termination, are insufficient to survive a motion to dismiss."). Thus, she has not stated a claim under the federal statutes prohibiting employment discrimination and retaliation.

It appears that Tonic is attempting to rely on the voluminous attachments to her Complaint to set forth her claims. To the extent that this is her intent, her Complaint fails to comply with Rule 8. It simply does not "provide enough information to" alert the "defendant . . . to" what the plaintiff's claims are.

## CONCLUSION

For the foregoing reasons, we shall grant Tonic leave to proceed *in forma pauperis* and dismiss her Complaint without prejudice to her right to file an amended complaint in the event she can cure the defects. Tonic's Motion for Appointment of

Counsel will be denied without prejudice. See *Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993) (in determining whether appointment of counsel is appropriate, the Court should first determine whether plaintiff's lawsuit has a legal basis).

/s/TIMOTHY J. SAVAGE